IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| N.E.C.A. LOCAL UNION NO. 313 I.B.E.W. HEALTH AND WELFARE FUND, | ) ) ) ) | |
| N.E.C.A. LOCAL UNION NO. 313 I.B.E.W. PENSION FUND, | ) ) ) ) | C.A. No. _____ |
| INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL UNION NO. 313 DEFERRED INCOME PLAN, | ) ) ) ) ) | |
| INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL UNION NO. 313 APPRENTICESHIP AND TRAINING COMMITTEE, | ) ) ) ) ) | |
| THE DELAWARE DIVISION INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS' VACATION FUND, | ) ) ) ) ) | |
| and | ) ) | |
| INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL UNION NO. 313, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| TRI-STATE TECHNOLOGIES, INC., A Delaware Corporation, | ) ) ) | |
| Defendant. | ) | |

## **COMPLAINT**

Plaintiffs, by and through their undersigned counsel and for their complaint against the Defendant, state as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over the subject matter of this action pursuant to 29 U.S.C. §§ 185(a), 1132, 1145.

2. A copy of this Complaint is being served on the Secretary of Labor and Secretary of Treasury of the United States by certified mail.

3. Venue lies in this District pursuant to 29 U.S.C. §§ 185(a) and/or 1132(e)(2).

## THE PARTIES

4. Plaintiffs, N.E.C.A. Local Union No. 313 I.B.E.W. Health and Welfare Fund, N.E.C.A. Local Union No. 313 I.B.E.W. Pension Fund, International Brotherhood of Electrical Workers Local Union No. 313 Deferred Income Plan, International Brotherhood of Electrical Workers Local Union No. 313 Apprenticeship and Training Committee, and the Delaware Division International Brotherhood of Electrical Workers' Vacation Fund (jointly the "Funds"), are trust funds established pursuant to 29 U.S.C. § 186(c)(5) and "multiemployer plans" and "employee benefit plans" within the meaning of 29 U.S.C. § 1002(37) (1),(2), and (3).

5. Plaintiff International Brotherhood of Electrical Workers Union Local No. 313 ("Union") is an unincorporated association commonly referred to as a labor union, and is an employee organization that represents, for purposes of collective bargaining, employees of Tri-State Technologies, Inc. who are and/or were employed in an industry affecting commerce within the meaning of 29 U.S.C. §§ 152 (2) ,(6), and (7), and §§ 1002 (5),(11), and (12).

6.  Defendant Tri-State Technologies, Inc. (the "Company") is a Delaware corporation and an employer in industry affecting commerce within the meaning of 29 U.S.C. §§ 152 (2) ,(6), and (7), and §§ 1002 (5),(11), and (12). The Company's registered agent for service of process in Delaware is YCS&T Services LLC, 1000 West Street, Brandywine Building, 17th Floor, Wilmington, DE 19801.

## FACTS

7.  At all times relevant hereto, the Company was party to a collective bargaining agreement(s) with the Union ("Labor Contract").

8.  The Company also signed or otherwise agreed to abide by the terns of the Trust Agreements of the Funds ("Trust Agreements") made between certain employers and employee representatives in an industry affecting interstate commerce to promote stable and peaceful labor relations.

9.  Under the Labor Contract or Trust Agreements, the Company agreed:

    (a) To make full and timely payments on a monthly basis to the Plaintiffs as required by the Labor Contracts;

    (b) To file monthly remittance reports with the Plaintiffs detailing all employees or work for which contributions were required under the Labor Contract;

    (c) To produce, upon request by the Plaintiffs, individually or jointly, all books and records deemed necessary to conduct an audit of the Company's records concerning its obligations to Plaintiffs; and

    (d) To pay liquidated damages, interest, and all costs of litigation, including attorneys' fees, expended by the Plaintiffs to collect any amounts due as a

consequence of the Company's failure to comply with its contractual obligations described above.

10. The Company also agreed to make full and timely payments on a monthly basis to the International Brotherhood of Electrical Workers Local Union No. 313 Apprenticeship and Training Committee, and the Delaware Division International Brotherhood of Electrical Workers' Vacation Fund.

11. The Company failed to make require payments to the Funds in November 2006 ($7,413.16), December 2006 ($44,269.43), and January 2007 ($28,835.60). The Company further failed to pay liquidated damages in the amount of $2,367.88 for a late payment made for the month of April 2007.

## COUNT I
(Contributions Under Contract – Sum Certain)

12. The allegations of paragraphs 1-11 are incorporated by reference as if fully set forth herein.

13. The Company has breached the Labor Contract and Trust Agreements by failing to make contributions in November 2006, December 2006, and January 2007.

14. Based upon the information available to date, the Company owes contributions under the Labor Contract and/or Trust Agreements in the amount of $80,518.19 for the period November 2006-January 2007.

## COUNT II
(ERISA Contributions – Sum Certain)

15. The allegations of paragraphs 1-14 are incorporated by reference as if fully set forth herein.

4

16. Based upon the information available to date, the Company has failed to pay contributions in the amount of $80,518.19 for the period November 2006-January 2007 in violation of 29 U.S.C. § 1145.

17. The Plaintiffs have been damaged by the Company's violation of 29 U.S.C. § 1145.

18. Under ERISA, the Company is also obligated to pay liquidated damages for the three unpaid months in the amount of $16,103.64 (20% of the delinquent amount per the terms of the Labor Contracts) plus an additional $2,367.88 for a late payment that was made for the month of April 2007.

### COUNT III
(Audit)

19. The allegations of paragraphs 1-18 are incorporated by reference as if fully set forth herein.

20. The Company is obligated to permit the Plaintiffs to audit its records and to cooperate in determining any additional contributions due to Plaintiffs.

21. The amount of contributions and work dues the Company is required to pay to the Plaintiffs is based upon hours worked and wages paid to employees performing work covered by the Labor Contract.

22. The books, records and information necessary to calculate the full extent of the Company's delinquency are in the exclusive possession, custody and control of the Company.

23. Computation of the precise amount of an employer's delinquency is normally achieved by an audit of the employer's books and records and/or is calculated from contractually required remittance reports submitted by the employer.

24. No audit of the Company's books and records has been performed to determine the full extent of the employer's delinquency.

25. The Company is required by the Labor Contract, Trust Agreement, or applicable law to permit the Funds to audit their records and to cooperate in determining the contributions due the Plaintiffs.

26. The Funds have no adequate remedy at law for the calculation of the full amount of damages suffered as a result of the Company's breach.

27. All conditions precedent to equitable relief have been satisfied.

## COUNT IV
(Contributions under Contract after Audit)

28. The allegations of paragraphs 1-27 are incorporated by reference as if fully set forth herein.

29. On information and belief, the Company has failed to make contributions to the Plaintiffs as required by the Labor Contract and/or Trust Agreements in a period not barred by the applicable statute of limitations.

30. Upon information and belief, Plaintiffs have been damaged by the Company's failure to make contributions as required by the Labor Contract and/or Trust Agreements.

## COUNT V
(Contributions under ERISA after Audit)

31. The allegations of paragraphs 1-30 are incorporated by reference as if fully set forth herein.

32. Upon information and belief, the Company has failed to make contributions to Plaintiffs in violation of 29 U.S.C. § 1145 in a period not barred by an applicable statute of limitations or similar bar.

33. The Plaintiffs are without sufficient information or knowledge to plead the precise nature, extent and amount of the Company's delinquency since the books, records and information necessary to determine this liability are in the Company's possession, custody and/or control.

34. Upon information and belief, Plaintiffs have been damaged by the Company's violation of 29 U.S.C. § 1145.

## COUNT VI
### (Injunction)

35. The allegations of paragraphs 1-34 are incorporated by reference as if fully set forth herein.

36. A monetary judgment or other legal remedy does not provide full relief and is inadequate because the Company has shown its disregard of its contractual and legal obligations by a pattern of delinquencies.

37. Unless ordered to satisfy its obligations by this Court, the Company will continue to refuse to submit remittance reports and pay the contributions presently due and owing or which become due and owing in the future, and the Funds and their participants will suffer immediate, continuing and irreparable damage by, among other matters, the loss of investment earnings, the inability to properly determine eligibility and

calculate benefits, and a substantial increase in the administrative costs of the Funds with a diminution of the assets otherwise available to pay benefits to Company employees and employees of other employers who fully and timely pay their obligatory contributions.

38. All conditions precedent to equitable relief have been satisfied.

**WHEREFORE,** Plaintiffs respectfully request that this Court enter judgment in their favor as follows:

A. Awarding Plaintiffs the sum of at least $80,518.19; and

B. Awarding Plaintiffs liquidated damages in the sum of $18,471.52; and

C. Awarding Plaintiffs pre-judgment interest at the rate of 8% per annum, as specified in ERISA and the relevant Labor Contracts; and

D. Awarding Plaintiffs post-judgment interest at the rate of 8% per annum, as specified in ERISA and the relevant Labor Contracts; and

E. Awarding Plaintiffs their costs incurred in connection with this lawsuit; and

F. Awarding Plaintiffs their reasonable attorneys fees, as specified in ERISA; and

G. Entering an injunction requiring Defendant to permit an audit of all records under the actual or constructive control of the Company to determine work for which contributions are due and the amount of any such contributions and, in the absence of records, requiring Defendant to cooperate in alternative methods for the determination of work for which contributions are due and the amount of any such contributions; and

H. Entering an injunction restraining the Company from continuing to violate the terms of the current collective bargaining agreement(s) between the Company and the Union providing for the timely filing of remittance reports with complete, accurate and proper information and timely payment of contributions to the Plaintiffs for so long as the Company is contractually required to do so; and

I.   Awarding such other and further relief as the Court deems just and proper.

                                                    CROSS & SIMON, LLC

                                                    By:  / s /  *Erica N. Finnegan*
                                                        Erica N. Finnegan (#3986)
                                                        913 North Market Street, 11th Floor
                                                        Wilmington, DE 19801
                                                         Tel.:  (302) 777-4200
                                                         Fax:  (302) 777-4224
                                                         efinnegan@crosslaw.com

Dated: June 25, 2007                                   *Counsel to Plaintiffs*

# CIVIL COVER SHEET

JS 44 (REV. 07/89)

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

N.E.C.A. LOCAL UNION NO. 313 I.B.E.W. HEALTH AND WELFARE FUND,

N.E.C.A. LOCAL UNION NO. 313 I.B.E.W. PENSION FUND,

INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL UNION NO. 313 DEFERRED INCOME PLAN,

INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL UNION NO. 313 APPRENTICESHIP AND TRAINING COMMITTEE,

THE DELAWARE DIVISION INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS' VACATION FUND,
and

INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL UNION NO. 313

## DEFENDANTS

TRI-STATE TECHNOLOGIES, INC.

County Of Residence Of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED

Attorneys (If Known)

(b) County of residence of first listed plaintiff
(EXCEPT IN U.S. PLAINTIFF CASES)
New Castle

(c) Attorneys (Firm Name, Address, and Telephone Number)
Erica N. Finnegan (#3986)
Cross & Simon, LLC
913 North Market Street, 11th Floor
Wilmington, DE 19801
(302) 777-4200

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1. U.S. Government Plaintiff
☒ 3. Federal Question (U.S. Government Not a Party)
☐ 2. U.S. Government Defendant
☐ 4. Diversity (Indicates Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury- Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury- Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influence and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA(1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | |
| | | | | ☐ 865 RSI (405(g)) | |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | |

| | | | | | |
|---|---|---|---|---|---|
| ☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | ☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/ Accommodations<br>☐ 444 Welfare<br>☐ 445 Amer..w/Disabilities- Employment<br>☐ 446 Amer.w/Disabilities- Other<br>☐ 440 Other Civil Rights | ☐ 510 Motions to Vacate Sentence<br>**Habeas Corpus:**<br>☐ 530 General<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition | ☐ 740 Railway Labor Act<br>☐ 790 Other Labor Litigation<br>☒ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS-Third Party 26 USC 7609 | ☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 895 Freedom of Information Act<br>☐ 900 Appeal of Fee Determination Under Equal Access to Justice<br>☐ 950 Constitutionality of State Statues |

**V. ORIGIN** (Place an "X" in One Box Only)

☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

| **VI. CAUSE OF ACTION** | Cite the U.S. Civil Statue under which you are filing (Do not cite jurisdictional statues unless diversity):<br>**ERISA – 29 U.S.C. §§ 185(a), 1132(e) and 1145** |
|---|---|
| | Brief description of cause:<br>**Suit for breach of collective bargaining agreement and violations of ERISA** |

| **VII. REQUEST IN COMPLAINT:** | ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 | DEMAND:<br>**$98,989.71 plus interest** | CHECK YES only if demand in complaint:<br>JURY DEMAND: ☐ YES ☒ NO |
|---|---|---|---|
| **VIII. RELATED CASE(S) IF ANY** | (See instructions): | JUDGE: _____ | DOCKET NUMBER: |
| DATE<br>6/26/2007 | SIGNATURE OF ATTORNEY OF RECORD<br>/s/ Erica N. Finnegan | | |

**FOR OFFICE USE ONLY**

RECEIPT #_____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

AO FORM 85 RECEIPT (REV. 9/04)

United States District Court for the District of Delaware

Civil Action No. 07-412

# ACKNOWLEDGMENT OF RECEIPT FOR AO FORM 85

## *NOTICE OF AVAILABILITY OF A UNITED STATES MAGISTRATE JUDGE TO EXERCISE JURISDICTION*

I HEREBY ACKNOWLEDGE RECEIPT OF ____3____ COPIES OF AO FORM 85.

_6/26/07_
(Date forms issued)

_____
(Signature of Party or their Representative)

X  GARY IRELAND
(Printed name of Party or their Representative)

Note: Completed receipt will be filed in the Civil Action