IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| N.E.C.A. LOCAL UNION NO. 313 I.B.E.W. HEALTH AND WELFARE FUND, | ) ) ) ) |
| N.E.C.A. LOCAL UNION NO. 313 I.B.E.W. PENSION FUND, | ) ) ) |
| INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL UNION NO. 313 DEFERRED INCOME PLAN, | ) ) ) ) ) |
| INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL UNION NO. 313 APPRENTICESHIP AND TRAINING COMMITTEE, | ) ) ) ) ) |
| THE DELAWARE DIVISION INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS' VACATION FUND, | ) ) ) ) ) |
| and | ) ) |
| INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL UNION NO. 313, | ) ) ) ) |
| Plaintiffs, | ) |
| v. | ) ) |
| TRI-STATE TECHNOLOGIES, INC., A Delaware Corporation, | ) ) ) |
| Defendant. | ) |

C.A. No. 07-412 (GMS)

## FIRST AMENDED COMPLAINT

Plaintiffs, by and through their undersigned counsel and for their first amended complaint against the Defendant, state as follows:

1

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over the subject matter of this action pursuant to 29 U.S.C. §§ 185(a), 1132, 1145.

2. A copy of this First Amended Complaint is being served on the Secretary of Labor and Secretary of Treasury of the United States by certified mail.

3. Venue lies in this District pursuant to 29 U.S.C. §§ 185(a) and/or 1132(e)(2).

**THE PARTIES**

4. Plaintiffs, N.E.C.A. Local Union No. 313 I.B.E.W. Health and Welfare Fund, N.E.C.A. Local Union No. 313 I.B.E.W. Pension Fund, International Brotherhood of Electrical Workers Local Union No. 313 Deferred Income Plan, International Brotherhood of Electrical Workers Local Union No. 313 Apprenticeship and Training Committee, and the Delaware Division International Brotherhood of Electrical Workers' Vacation Fund (jointly the "Funds"), are trust funds established pursuant to 29 U.S.C. § 186(c)(5) and "multiemployer plans" and "employee benefit plans" within the meaning of 29 U.S.C. § 1002(37) (1),(2), and (3).

5. Plaintiff International Brotherhood of Electrical Workers Union Local No. 313 ("Union") is an unincorporated association commonly referred to as a labor union, and is an employee organization that represents, for purposes of collective bargaining, employees of Tri-State Technologies, Inc. who are and/or were employed in an industry affecting commerce within the meaning of 29 U.S.C. §§ 152 (2) ,(6), and (7), and §§ 1002 (5),(11), and (12).

6.     Defendant Tri-State Technologies, Inc. (the "Company") is a Delaware corporation and an employer in industry affecting commerce within the meaning of 29 U.S.C. §§ 152 (2) ,(6), and (7), and §§ 1002 (5),(11), and (12).  The Company's registered agent for service of process in Delaware is YCS&T Services LLC, 1000 West Street, Brandywine Building, 17th Floor, Wilmington, DE 19801.

## FACTS

7.     At all times relevant hereto, the Company was party to a collective bargaining agreement(s) with the Union ("Labor Contract").

8.     The Company also signed or otherwise agreed to abide by the terns of the Trust Agreements of the Funds ("Trust Agreements") made between certain employers and employee representatives in an industry affecting interstate commerce to promote stable and peaceful labor relations.

9.     Under the Labor Contract or Trust Agreements, the Company agreed:

(a)     To make full and timely payments on a monthly basis to the Plaintiffs as required by the Labor Contracts;

(b)     To file monthly remittance reports with the Plaintiffs detailing all employees or work for which contributions were required under the Labor Contract;

(c)     To produce, upon request by the Plaintiffs, individually or jointly, all books and records deemed necessary to conduct an audit of the Company's records concerning its obligations to Plaintiffs; and

(d)     To pay liquidated damages, interest, and all costs of litigation, including attorneys' fees, expended by the Plaintiffs to collect any amounts due as a

consequence of the Company's failure to comply with its contractual obligations described above.

10. The Company also agreed to make full and timely payments on a monthly basis to the International Brotherhood of Electrical Workers Local Union No. 313 Apprenticeship and Training Committee, and the Delaware Division International Brotherhood of Electrical Workers' Vacation Fund.

11. The Company failed to make require payments to the Funds in November 2006 ($7,413.16), December 2006 ($44,269.43), January 2007 ($28,835.60), and July 2007 ($17,549.89). The Company further failed to pay liquidated damages in the amount of $2,367.88 for a late payment made for the month of April 2007.

## COUNT I
(Contributions Under Contract – Sum Certain)

12. The allegations of paragraphs 1-11 are incorporated by reference as if fully set forth herein.

13. The Company has breached the Labor Contract and Trust Agreements by failing to make contributions in November 2006, December 2006, and January 2007.

14. Based upon the information available to date, the Company owes contributions under the Labor Contract and/or Trust Agreements in the amount of $98,068.08 for the period November 2006-January 2007 and July 2007.

## COUNT II
(ERISA Contributions – Sum Certain)

15. The allegations of paragraphs 1-14 are incorporated by reference as if fully set forth herein.

16.     Based upon the information available to date, the Company has failed to pay contributions in the amount of $98,068.08 for the period November 2006-January 2007 and July 2007 in violation of 29 U.S.C. § 1145.

17.     The Plaintiffs have been damaged by the Company's violation of 29 U.S.C. § 1145.

18.     Under ERISA, the Company is also obligated to pay liquidated damages for the three unpaid months in the amount of $19,613.61 (20% of the delinquent amount per the terms of the Labor Contracts) plus an additional $2,367.88 for a late payment that was made for the month of April 2007.

## COUNT III
### (Audit)

19.     The allegations of paragraphs 1-18 are incorporated by reference as if fully set forth herein.

20.     The Company is obligated to permit the Plaintiffs to audit its records and to cooperate in determining any additional contributions due to Plaintiffs.

21.     The amount of contributions and work dues the Company is required to pay to the Plaintiffs is based upon hours worked and wages paid to employees performing work covered by the Labor Contract.

22.     The books, records and information necessary to calculate the full extent of the Company's delinquency are in the exclusive possession, custody and control of the Company.

23.     Computation of the precise amount of an employer's delinquency is normally achieved by an audit of the employer's books and records and/or is calculated from contractually required remittance reports submitted by the employer.

24.     No audit of the Company's books and records has been performed to determine the full extent of the employer's delinquency.

25.     The Company is required by the Labor Contract, Trust Agreement, or applicable law to permit the Funds to audit their records and to cooperate in determining the contributions due the Plaintiffs.

26.     The Funds have no adequate remedy at law for the calculation of the full amount of damages suffered as a result of the Company's breach.

27.     All conditions precedent to equitable relief have been satisfied.

COUNT IV
(Contributions under Contract after Audit)

28.     The allegations of paragraphs 1-27 are incorporated by reference as if fully set forth herein.

29.      On information and belief, the Company has failed to make contributions to the Plaintiffs as required by the Labor Contract and/or Trust Agreements in a period not barred by the applicable statute of limitations.

30.     Upon information and belief, Plaintiffs have been damaged by the Company's failure to make contributions as required by the Labor Contract and/or Trust Agreements.

COUNT V
(Contributions under ERISA after Audit)

31. The allegations of paragraphs 1-30 are incorporated by reference as if fully set forth herein.

32. Upon information and belief, the Company has failed to make contributions to Plaintiffs in violation of 29 U.S.C. § 1145 in a period not barred by an applicable statute of limitations or similar bar.

33. The Plaintiffs are without sufficient information or knowledge to plead the precise nature, extent and amount of the Company's delinquency since the books, records and information necessary to determine this liability are in the Company's possession, custody and/or control.

34. Upon information and belief, Plaintiffs have been damaged by the Company's violation of 29 U.S.C. § 1145.

## COUNT VI
### (Injunction)

35. The allegations of paragraphs 1-34 are incorporated by reference as if fully set forth herein.

36. A monetary judgment or other legal remedy does not provide full relief and is inadequate because the Company has shown its disregard of its contractual and legal obligations by a pattern of delinquencies.

37. Unless ordered to satisfy its obligations by this Court, the Company will continue to refuse to submit remittance reports and pay the contributions presently due and owing or which become due and owing in the future, and the Funds and their participants will suffer immediate, continuing and irreparable damage by, among other matters, the loss of investment earnings, the inability to properly determine eligibility and

calculate benefits, and a substantial increase in the administrative costs of the Funds with a diminution of the assets otherwise available to pay benefits to Company employees and employees of other employers who fully and timely pay their obligatory contributions.

38. All conditions precedent to equitable relief have been satisfied.

**WHEREFORE,** Plaintiffs respectfully request that this Court enter judgment in their favor as follows:

A. Awarding Plaintiffs the sum of at least $98,068.08; and

B. Awarding Plaintiffs liquidated damages in the sum of $19,613.61; and

C. Awarding Plaintiffs pre-judgment interest at the rate of 8% per annum, as specified in ERISA and the relevant Labor Contracts; and

D. Awarding Plaintiffs post-judgment interest at the rate of 8% per annum, as specified in ERISA and the relevant Labor Contracts; and

E. Awarding Plaintiffs their costs incurred in connection with this lawsuit; and

F. Awarding Plaintiffs their reasonable attorneys fees, as specified in ERISA; and

G. Entering an injunction requiring Defendant to permit an audit of all records under the actual or constructive control of the Company to determine work for which contributions are due and the amount of any such contributions and, in the absence of records, requiring Defendant to cooperate in alternative methods for the determination of work for which contributions are due and the amount of any such contributions; and

H. Entering an injunction restraining the Company from continuing to violate the terms of the current collective bargaining agreement(s) between the Company and the Union providing for the timely filing of remittance reports with complete, accurate and proper information and timely payment of contributions to the Plaintiffs for so long as the Company is contractually required to do so; and

I.       Awarding such other and further relief as the Court deems just and proper.

                          CROSS & SIMON, LLC

                          By:  / s /  *Erica N. Finnegan*
                              Erica N. Finnegan (#3986)
                              913 North Market Street, 11th Floor
                              Wilmington, DE 19801
                              Tel.: (302) 777-4200
                              Fax: (302) 777-4224
                              efinnegan@crosslaw.com

Dated: September 11, 2007            *Counsel to Plaintiffs*

**CERTIFICATE OF SERVICE**

      I, Erica N. Finnegan, certify this 11th day of September, 2007, that the attached First Amended Complaint was served on the Defendant, Tri-State Technologies, Inc., as follows:

<u>By Hand Delivery</u>

TRI-STATE TECHNOLOGIES, INC.
c/o YCS&T Services, LLC
1000 West Street
Brandywine Building, 17th Floor
Wilmington, DE 19801

<u>By First Class Mail</u>

TRI-STATE TECHNOLOGIES, INC.
Attn: Ed Mendez
300 Caron Drive
Bear, DE 19701

                                                  / s / *Erica N. Finnegan*
                                                  Erica N. Finnegan (#3986)
                                                  CROSS & SIMON, LLC
                                                  913 North Market Street, 11th Floor
                                                  Wilmington, DE 19801
                                                  Tel.: (302) 777-4200
                                                  Fax: (302) 777-4224
                                                  efinnegan@crosslaw.com