IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| N.E.C.A. LOCAL UNION NO. 313 I.B.E.W. HEALTH AND WELFARE FUND, | ) ) ) |
| N.E.C.A. LOCAL UNION NO. 313 I.B.E.W. PENSION FUND, | ) )   C.A. No. 07-412 (GMS) ) |
| INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL UNION NO. 313 DEFERRED INCOME PLAN, | ) ) ) ) |
| INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL UNION NO. 313 APPRENTICESHIP AND TRAINING COMMITTEE, | ) ) ) ) |
| THE DELAWARE DIVISION INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS' VACATION FUND, | ) ) ) ) |
| and | ) |
| INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL UNION NO. 313, | ) ) ) |
| Plaintiffs, | ) |
| v. | ) |
| TRI-STATE TECHNOLOGIES, INC., A Delaware Corporation, | ) ) |
| Defendant. | ) |

**PLAINTIFFS' RESPONSE TO ORDER TO SHOW GOOD CAUSE**

Plaintiffs, by and through their undersigned counsel and for their response to the Order to Show Good Cause, state as follows:

1.  After filing the First Amended Complaint in September 2007, Plaintiffs' counsel was contacted by the President of the Defendant, Tri-State Technologies, Inc., to discuss possible settlement of the dispute.

2.  The parties engaged in settlement discussions for several months including possible dollar values, payment time frames, and security interests related to such a settlement.

3.  In late November 2007, Plaintiff's counsel was advised that the Defendant did not have any money to settle the lawsuit and had allegedly ceased its operations and did not intend to satisfy debts owed to any unsecured creditors, but would not be filing for bankruptcy protection.

4.  Shortly thereafter, Plaintiffs learned that the same individual who operated the Defendant had started a new corporation to continue some of the business operations previously done by the Defendant (presumably with the same customer base as the Defendant), and may also be using assets and equipment that belonged to Defendant (including the use of a vehicle that still bears the name of the Defendant entity on it as recently as February 2008, nearly three months after the Defendant allegedly ceased operations).

5.  Upon learning such information, Plaintiffs' undertook an investigation to learn the identity of the new entity, and to research the best course of action including whether a claim could be asserted against the new corporation and/or the president of the two corporations, under an "alter ego" or similar corporate veil-piercing theory.

6.    Having now determined that such a veil-piercing theory is legally viable and learned sufficient facts to assert such a claim, Plaintiffs intend to file a motion seeking leave to file and serve a Second Amended Complaint adding the new information learned and adding the new corporate defendant, no later than Friday, March 7, 2008.

WHEREFORE, Plaintiffs respectfully submit that the Plaintiffs have acted with reasonable diligence under the circumstances presented and that the case should <u>not</u> be dismissed for failure to prosecute.

                CROSS & SIMON, LLC

                By:  / s /  *Erica N. Finnegan*
                    Erica N. Finnegan (#3986)
                    913 North Market Street, 11th Floor
                    Wilmington, DE 19801
                    Tel.:  (302) 777-4200
                    Fax:  (302) 777-4224
                    efinnegan@crosslaw.com

Dated: March 3, 2008              *Counsel to Plaintiffs*