IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| N.E.C.A. LOCAL UNION NO. 313 I.B.E.W. HEALTH AND WELFARE FUND, | ) ) ) ) | |
| N.E.C.A. LOCAL UNION NO. 313 I.B.E.W. PENSION FUND, | ) ) ) | C.A. No. 07-412 (GMS) |
| INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL UNION NO. 313 DEFERRED INCOME PLAN, | ) ) ) ) ) | |
| INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL UNION NO. 313 APPRENTICESHIP AND TRAINING COMMITTEE, | ) ) ) ) ) | |
| THE DELAWARE DIVISION INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS' VACATION FUND, | ) ) ) ) ) | |
| and | ) ) | |
| INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL UNION NO. 313, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| TRI-STATE TECHNOLOGIES, INC., A Delaware Corporation, | ) ) ) | |
| Defendant. | ) | |

**PLAINTIFFS' MOTION FOR LEAVE TO AMEND COMPLAINT**

Plaintiffs, by and through their undersigned counsel, respectfully move for the entry of an Order permitting Plaintiffs to file a Second Amended Complaint to add new factual allegations and an additional defendant.  The grounds for this motion are as follows:

1.     After filing the First Amended Complaint in September 2007, Plaintiffs' counsel was contacted by the President of the Defendant, Tri-State Technologies, Inc. ("Tri-State"), to discuss possible settlement of the dispute.  The parties engaged in settlement discussions for several months including possible dollar values, payment time frames, and security interests related to such a settlement.

2.     In late November 2007, Plaintiff's counsel was advised that the Tri-State did not have any money to settle the lawsuit and had allegedly ceased its operations and did not intend to satisfy debts owed to any unsecured creditors, but would not be filing for bankruptcy protection.

3.     Shortly thereafter, Plaintiffs learned that the same individual who operated Tri-State, Edward Mendez ("Mendez"), had recently caused his father to form a new corporation for Mendez to run, which would substantially continue the business operations previously done by Tri-State.

4.     Plaintiffs have reason to believe that the new corporation, Summit Mechanical, Inc. ("Summit") is merely an alter ego of Tri-State and Mendez,and that Summit was created to continue Tri-State's former business while defrauding Tri-State's creditors.  Plaintiffs have further reason to believe that Summit and Mendez are using

assets belonging to Tri-State, including *inter alia*, a truck that has been seen driven as recently as February, 2008, that still  bears the name of Tri-State on it.

5.    The proposed Second Amended Complaint, a copy of which is attached hereto as Exhibit A, seeks to add these new factual allegations, add Summit and Mendez as defendants, and alleges liability on the part of Summit and Mendez under an alter ego theory of corporate veil-piercing.

6.     A blacklined copy of the proposed Second Amended Complaint is attached hereto as Exhibit B, showing the changes made from the First Amended Complaint.

7.    Under Federal Rule of Civil Procedure 15(a), leave to amend a complaint "shall be freely given when justice so requires."  Fed. R. Civ. P. 15(a).

8.    The proposed defendants will not be prejudiced by the amendment, as both entities, through Mendez, have been aware of the filing of this lawsuit and the underlying claims since shortly after the original complaint was filed.

9.    If Plaintiffs are not permitted to pursue their Second Amended Complaint, Plaintiffs may be deprived of any recovery as a result of the fraud perpetrated by Tri-State, Summit, and Mendez.

WHEREFORE,  Plaintiffs respectfully request that the Court enter the Order attached hereto, permitting Plaintiffs to file and serve their proposed Second Amended Complaint.

CROSS & SIMON, LLC

By: ___/ s / *Erica N. Finnegan*
        Erica N. Finnegan (#3986)
        913 North Market Street, 11th Floor
        Wilmington, DE 19801
        Tel.:  (302) 777-4200
        Fax:  (302) 777-4224
        efinnegan@crosslaw.com

Dated: March 7, 2008                    *Counsel to Plaintiffs*

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| N.E.C.A. LOCAL UNION NO. 313 I.B.E.W. HEALTH AND WELFARE FUND, | ) ) ) ) | |
| N.E.C.A. LOCAL UNION NO. 313 I.B.E.W. PENSION FUND, | ) ) ) | C.A. No. 07-412 (GMS) |
| INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL UNION NO. 313 DEFERRED INCOME PLAN, | ) ) ) ) ) | |
| INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL UNION NO. 313 APPRENTICESHIP AND TRAINING COMMITTEE, | ) ) ) ) ) | |
| THE DELAWARE DIVISION INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS' VACATION FUND, | ) ) ) ) ) | |
| and | ) ) | |
| INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL UNION NO. 313, | ) ) ) ) | |
|                      Plaintiffs, | ) ) | |
|           v. | ) ) | |
| TRI-STATE TECHNOLOGIES, INC., A Delaware Corporation; | ) ) ) | |
| SUMMIT MECHANICAL, INC., A Delaware Corporation; and | ) ) ) | |
| EDWARD M. MENDEZ, | ) ) | |
|                      Defendants. | ) | |

## SECOND AMENDED COMPLAINT

Plaintiffs, by and through their undersigned counsel and for their second amended

complaint against the Defendants, state as follows:

### JURISDICTION AND VENUE

1.     This Court has jurisdiction over the subject matter of this action pursuant

to 29 U.S.C. §§ 185(a), 1132, 1145.

2.     A copy of this Second Amended Complaint is being served on the

Secretary of Labor and Secretary of Treasury of the United States by certified mail.

3.     Venue lies in this District pursuant to 29 U.S.C. §§ 185(a) and/or

1132(e)(2).

### THE PARTIES

4.     Plaintiffs, N.E.C.A. Local Union No. 313 I.B.E.W. Health and Welfare

Fund, N.E.C.A. Local Union No. 313 I.B.E.W. Pension Fund, International Brotherhood

of Electrical Workers Local Union No. 313 Deferred Income Plan, International

Brotherhood of Electrical Workers Local Union No. 313 Apprenticeship and Training

Committee, and the Delaware Division International Brotherhood of Electrical Workers'

Vacation Fund (jointly the "Funds"), are trust funds established pursuant to 29 U.S.C. §

186(c)(5) and "multiemployer plans" and "employee benefit plans" within the meaning

of 29 U.S.C. § 1002(37) (1),(2), and (3).

5.     Plaintiff International Brotherhood of Electrical Workers Union Local No.

313 ("Union") is an unincorporated association commonly referred to as a labor union,

and is an employee organization that represents, for purposes of collective bargaining,

employees of Tri-State Technologies, Inc. who are and/or were employed in an industry affecting commerce within the meaning of 29 U.S.C. §§ 152 (2) ,(6), and (7), and §§ 1002 (5),(11), and (12).

6.      Defendant Tri-State Technologies, Inc. ("Tri-State") is a Delaware corporation and an employer in industry affecting commerce within the meaning of 29 U.S.C. §§ 152 (2) ,(6), and (7), and §§ 1002 (5),(11), and (12).  Tri-State's registered agent for service of process in Delaware is YCS&T Services LLC, 1000 West Street, Brandywine Building, 17th Floor, Wilmington, DE 19801.

7.      Defendant Summit Mechanical, Inc. ("Summit") is a Delaware corporation and an employer in industry affecting commerce within the meaning of 29 U.S.C. §§ 152 (2) ,(6), and (7), and §§ 1002 (5),(11), and (12).  Tri-State's registered agent for service of process in Delaware is Diamond State Corporate Agents, Inc., 1200 North Broom Street, Wilmington, DE 19806.

8.      Defendant Edward M. Mendez ("Mendez") is an individual residing at 106 Canal Way, Newark, DE 19702.  Mendez is the owner and operator of Tri-State and also operates Summit.

## FACTS

9.      At all times relevant hereto, Tri-State was party to a collective bargaining agreement(s) with the Union (the "Labor Contract").

10.      Tri-State also signed or otherwise agreed to abide by the terns of the Trust Agreements of the Funds ("Trust Agreements") made between certain employers and

employee representatives in an industry affecting interstate commerce to promote stable and peaceful labor relations.

11.     Under the Labor Contract or Trust Agreements, Tri-State agreed:

(a)     To make full and timely payments on a monthly basis to the Plaintiffs as required by the Labor Contracts;

(b)     To file monthly remittance reports with the Plaintiffs detailing all employees or work for which contributions were required under the Labor Contract;

(c)     To produce, upon request by the Plaintiffs, individually or jointly, all books and records deemed necessary to conduct an audit of Tri-State's records concerning its obligations to Plaintiffs; and

(d)     To pay liquidated damages, interest, and all costs of litigation, including attorneys' fees, expended by the Plaintiffs to collect any amounts due as a consequence of Tri-State's failure to comply with its contractual obligations described above.

12.     Tri-State also agreed to make full and timely payments on a monthly basis to the International Brotherhood of Electrical Workers Local Union No. 313 Apprenticeship and Training Committee, and the Delaware Division International Brotherhood of Electrical Workers' Vacation Fund.

13.     Tri-State failed to make require payments to the Funds in November 2006 ($7,413.16), December 2006 ($44,269.43), January 2007 ($28,835.60), and July 2007 ($17,549.89). Tri-State further failed to pay liquidated damages in the amount of $2,367.88 for a late payment made for the month of April 2007.

14.    After filing the original Complaint and First Amended Complaint, in late November 2007, Plaintiff's counsel was advised that Tri-State did not have any money, had allegedly ceased its operations and did not intend to satisfy debts owed to any unsecured creditors (but would not be filing for bankruptcy protection).

15.    Upon information and belief, at approximately the same time that Tri-State allegedly ceased operations, Mendez had his father form a new Delaware corporation, Summit Mechanical, Inc., for Mendez to run and to continue the business operations previously done by Tri-State.

16.    Upon information and belief, Summit "hired" most or all of the employees of Tri-State and serves many of the same customers that were previously served by Tri-State.

17.    Upon information and belief, Summit uses assets and equipment that belonged to Tri-State, including but not limited to a truck still bearing the name of Tri-State on it as recently as February 2008.

18.    Upon information and belief, the sole purpose for the incorporation of Summit was to allow Mendez to continue business operations of Tri-State while attempting to defraud and avoid paying Tri-State's creditors.

19.    Upon information and belief Mendez operated Tri-State as an alter ego of himself and now operates Summit in the same manner.

COUNT I – Against Tri-State Technologies, Inc.
(Contributions Under Contract – Sum Certain)

20.    The allegations of all preceding paragraphs are incorporated by reference as if fully set forth herein.

5

21.     Tri-State has breached the Labor Contract and Trust Agreements by failing to make contributions in November 2006, December 2006, and January 2007.

22.     Based upon the information available to date, Tri-State owes contributions under the Labor Contract and/or Trust Agreements in the amount of $98,068.08 for the period November 2006-January 2007 and July 2007.

COUNT II – Against Tri-State Technologies, Inc.
(ERISA Contributions – Sum Certain)

23.     The allegations of all preceding paragraphs are incorporated by reference as if fully set forth herein.

24.     Based upon the information available to date, Tri-State has failed to pay contributions in the amount of $98,068.08 for the period November 2006-January 2007 and July 2007 in violation of 29 U.S.C. § 1145.

25.     The Plaintiffs have been damaged by Tri-State's violation of 29 U.S.C. § 1145.

26.     Under ERISA, Tri-State is also obligated to pay liquidated damages for the three unpaid months in the amount of $19,613.61 (20% of the delinquent amount per the terms of the Labor Contracts) plus an additional $2,367.88 for a late payment that was made for the month of April 2007.

COUNT III  – Against Tri-State Technologies, Inc.
(Audit)

27.     The allegations of all preceding paragraphs are incorporated by reference as if fully set forth herein.

28.    Tri-State is obligated to permit the Plaintiffs to audit its records and to cooperate in determining any additional contributions due to Plaintiffs.

29.    The amount of contributions and work dues Tri-State is required to pay to the Plaintiffs is based upon hours worked and wages paid to employees performing work covered by the Labor Contract.

30.    The books, records and information necessary to calculate the full extent of Tri-State's delinquency are in the exclusive possession, custody and control of Tri-State.

31.    Computation of the precise amount of an employer's delinquency is normally achieved by an audit of the employer's books and records and/or is calculated from contractually required remittance reports submitted by the employer.

32.    No audit of Tri-State's books and records has been performed to determine the full extent of the employer's delinquency.

33.    Tri-State is required by the Labor Contract, Trust Agreement, or applicable law to permit the Funds to audit their records and to cooperate in determining the contributions due the Plaintiffs.

34.    The Funds have no adequate remedy at law for the calculation of the full amount of damages suffered as a result of Tri-State's breach.

35.    All conditions precedent to equitable relief have been satisfied.

COUNT IV – Against Tri-State Technologies, Inc.
(Contributions under Contract after Audit)

36.    The allegations of all preceding paragraphs are incorporated by reference as if fully set forth herein.

37.      On information and belief, Tri-State has failed to make contributions to the Plaintiffs as required by the Labor Contract and/or Trust Agreements in a period not barred by the applicable statute of limitations.

38.      Upon information and belief, Plaintiffs have been damaged by Tri-State's failure to make contributions as required by the Labor Contract and/or Trust Agreements.

COUNT V  – Against Tri-State Technologies, Inc.
(Contributions under ERISA after Audit)

39.      The allegations of all preceding paragraphs are incorporated by reference as if fully set forth herein.

40.      Upon information and belief, Tri-State has failed to make contributions to Plaintiffs in violation of 29 U.S.C. § 1145 in a period not barred by an applicable statute of limitations or similar bar.

41.      The Plaintiffs are without sufficient information or knowledge to plead the precise nature, extent and amount of Tri-State's delinquency since the books, records and information necessary to determine this liability are in Tri-State's possession, custody and/or control.

42.      Upon information and belief, Plaintiffs have been damaged by Tri-State's violation of 29 U.S.C. § 1145.

COUNT VI – Against Tri-State Technologies, Inc.
(Injunction)

43.      The allegations of all preceding paragraphs are incorporated by reference as if fully set forth herein.

44.     A monetary judgment or other legal remedy does not provide full relief and is inadequate because Tri-State has shown its disregard of its contractual and legal obligations by a pattern of delinquencies.

45.     Unless ordered to satisfy its obligations by this Court, Tri-State will continue to refuse to submit remittance reports and pay the contributions presently due and owing or which become due and owing in the future, and the Funds and their participants will suffer immediate, continuing and irreparable damage by, among other matters, the loss of investment earnings, the inability to properly determine eligibility and calculate benefits, and a substantial increase in the administrative costs of the Funds with a diminution of the assets otherwise available to pay benefits to Company employees and employees of other employers who fully and timely pay their obligatory contributions.

46.     All conditions precedent to equitable relief have been satisfied.

COUNT VII – Against Summit Mechanical, Inc..
(Alter Ego Liability)

47.     All preceding paragraphs are incorporated by reference as if fully set forth herein.

48.     Summit, as an alter ego of Tri-State created to defraud Tri-State's creditors, including Plaintiffs, is equally liable to the Plaintiffs for the amounts owed by Tri-State including, without limitation, all penalties, interest and attorneys fees.

COUNT VIII – Against Edward M. Mendez
(Alter Ego Liability)

49.     All preceding paragraphs are incorporated by reference as if fully set forth herein.

9

50.     Mendez, as an alter ego of Tri-State and Summit, is equally liable to the

Plaintiffs for the amounts owed by Tri-State including, without limitation, all penalties,

interest and attorneys fees.


**WHEREFORE**, Plaintiffs respectfully request that this Court enter judgment in

their favor as follows:

A.     Awarding Plaintiffs the sum of at least $98,068.08; and

B.     Awarding Plaintiffs liquidated damages in the sum of $19,613.61; and

C.     Awarding Plaintiffs pre-judgment interest at the rate of 8% per annum, as specified in ERISA and the relevant Labor Contracts; and

D.     Awarding Plaintiffs post-judgment interest at the rate of 8% per annum, as specified in ERISA and the relevant Labor Contracts; and

E.     Awarding Plaintiffs their costs incurred in connection with this lawsuit; and

F.     Awarding Plaintiffs their reasonable attorneys fees, as specified in ERISA; and

G.     Entering an injunction requiring Tri-State to permit an audit of all records under the actual or constructive control of Tri-State to determine work for which contributions are due and the amount of any such contributions and, in the absence of records, requiring Tri-State to cooperate in alternative methods for the determination of work for which contributions are due and the amount of any such contributions; and

H.     Entering an injunction restraining Tri-State from continuing to violate the terms of the current collective bargaining agreement(s) between Tri-State and the Union providing for the timely filing of remittance reports with complete, accurate and proper information and timely payment of contributions to the Plaintiffs for so long as Tri-State is contractually required to do so; and

I.     Awarding such other and further relief as the Court deems just and proper.

CROSS & SIMON, LLC

By:_____
    Erica N. Finnegan (#3986)
    913 North Market Street, 11th Floor
    Wilmington, DE 19801
    Tel.:  (302) 777-4200
    Fax:  (302) 777-4224
    efinnegan@crosslaw.com

Dated: March 7, 2008        *Counsel to Plaintiffs*

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

N.E.C.A. LOCAL UNION NO. 313 )
I.B.E.W. HEALTH AND WELFARE )
FUND, )
 )
N.E.C.A. LOCAL UNION NO. 313 )   C.A. No. 07-412 (GMS)
I.B.E.W. PENSION FUND, )
 )
INTERNATIONAL BROTHERHOOD )
OF ELECTRICAL WORKERS LOCAL )
UNION NO. 313 DEFERRED INCOME )
PLAN, )
 )
INTERNATIONAL BROTHERHOOD )
OF ELECTRICAL WORKERS LOCAL )
UNION NO. 313 APPRENTICESHIP )
AND TRAINING COMMITTEE, )
 )
THE DELAWARE DIVISION )
INTERNATIONAL BROTHERHOOD )
OF ELECTRICAL WORKERS' )
VACATION FUND, )
 )
and )
 )
INTERNATIONAL BROTHERHOOD )
OF ELECTRICAL WORKERS LOCAL )
UNION NO. 313, )
 )
                    Plaintiffs, )
        v. )
 )
TRI-STATE TECHNOLOGIES, INC., )
A Delaware Corporation,; )
 )
 )
Defendant.SUMMIT MECHANICAL, )
INC., )
A Delaware Corporation; and )
 )
EDWARD M. MENDEZ, )

<u>                                         </u>   Defendants.

<b>~~FIRST~~SECOND AMENDED COMPLAINT</b>

Plaintiffs, by and through their undersigned counsel and for their ~~first~~second

amended complaint against the Defendant~~s~~, state as follows:

<b><u>JURISDICTION AND VENUE</u></b>

1.      This Court has jurisdiction over the subject matter of this action pursuant

to 29 U.S.C. §§ 185(a), 1132, 1145.

2.      A copy of this ~~First~~Second Amended Complaint is being served on the

Secretary of Labor and Secretary of Treasury of the United States by certified mail.

3.      Venue lies in this District pursuant to 29 U.S.C. §§ 185(a) and/or

1132(e)(2).

<b><u>THE PARTIES</u></b>

4.      Plaintiffs, N.E.C.A. Local Union No. 313 I.B.E.W. Health and Welfare

Fund, N.E.C.A. Local Union No. 313 I.B.E.W. Pension Fund, International Brotherhood

of Electrical Workers Local Union No. 313 Deferred Income Plan, International

Brotherhood of Electrical Workers Local Union No. 313 Apprenticeship and Training

Committee, and the Delaware Division International Brotherhood of Electrical Workers'

Vacation Fund (jointly the "Funds"), are trust funds established pursuant to 29 U.S.C. §

186(c)(5) and "multiemployer plans" and "employee benefit plans" within the meaning

of 29 U.S.C. § 1002(37) (1),(2), and (3).

5.      Plaintiff International Brotherhood of Electrical Workers Union Local No.

313 ("Union") is an unincorporated association commonly referred to as a labor union,

2

and is an employee organization that represents, for purposes of collective bargaining, employees of Tri-State Technologies, Inc. who are and/or were employed in an industry affecting commerce within the meaning of 29 U.S.C. §§ 152 (2) ,(6), and (7), and §§ 1002 (5),(11), and (12).

6.    Defendant Tri-State Technologies, Inc. ~~(the "Company~~ ("Tri-State") is a Delaware corporation and an employer in industry affecting commerce within the meaning of 29 U.S.C. §§ 152 (2) ,(6), and (7), and §§ 1002 (5),(11), and (12).  ~~The Company's~~ Tri-State's registered agent for service of process in Delaware is YCS&T Services LLC, 1000 West Street, Brandywine Building, 17th Floor, Wilmington, DE 19801.

7.    Defendant Summit Mechanical, Inc. ("Summit") is a Delaware corporation and an employer in industry affecting commerce within the meaning of 29 U.S.C. §§ 152 (2) ,(6), and (7), and §§ 1002 (5),(11), and (12).  Tri-State's registered agent for service of process in Delaware is Diamond State Corporate Agents, Inc., 1200 North Broom Street, Wilmington, DE 19806.

8.    Defendant Edward M. Mendez ("Mendez") is an individual residing at 106 Canal Way, Newark, DE 19702.  Mendez is the owner and operator of Tri-State and also operates Summit.

## FACTS

~~7.~~9.    At all times relevant hereto, ~~the Company~~ Tri-State was party to a collective bargaining agreement(s) with the Union (the "Labor Contract").

3

8.    The Company 10.    Tri-State also signed or otherwise agreed to abide by the terns of the Trust Agreements of the Funds ("Trust Agreements") made between certain employers and employee representatives in an industry affecting interstate commerce to promote stable and peaceful labor relations.

9.11.    Under the Labor Contract or Trust Agreements, the CompanyTri-State agreed:

(a)    To make full and timely payments on a monthly basis to the Plaintiffs as required by the Labor Contracts;

(b)    To file monthly remittance reports with the Plaintiffs detailing all employees or work for which contributions were required under the Labor Contract;

(c)    To produce, upon request by the Plaintiffs, individually or jointly, all books and records deemed necessary to conduct an audit of the Company'sTri-State's records concerning its obligations to Plaintiffs; and

(d)    To pay liquidated damages, interest, and all costs of litigation, including attorneys' fees, expended by the Plaintiffs to collect any amounts due as a consequence of the Company'sTri-State's failure to comply with its contractual obligations described above.

10.    The Company 12.    Tri-State also agreed to make full and timely payments on a monthly basis to the International Brotherhood of Electrical Workers Local Union No. 313 Apprenticeship and Training Committee, and the Delaware Division International Brotherhood of Electrical Workers' Vacation Fund.

~~11.     The Company~~13.     Tri-State failed to make require payments to the

Funds in November 2006 ($7,413.16), December 2006 ($44,269.43), January 2007

($28,835.60), and July 2007 ($17,549.89). ~~The Company~~Tri-State further failed to pay

liquidated damages in the amount of $2,367.88 for a late payment made for the month of

April 2007.

14.     After filing the original Complaint and First Amended Complaint, in late

November 2007, Plaintiff's counsel was advised that Tri-State did not have any money,

had allegedly ceased its operations and did not intend to satisfy debts owed to any

unsecured creditors (but would not be filing for bankruptcy protection).

15.     Upon information and belief, at approximately the same time that Tri-

State allegedly ceased operations, Mendez had his father form a new Delaware

corporation, Summit Mechanical, Inc., for Mendez to run and to continue the business

operations previously done by Tri-State.

16.     Upon information and belief, Summit "hired" most or all of the employees

of Tri-State and serves many of the same customers that were previously served by Tri-

State.

17.     Upon information and belief, Summit uses assets and equipment that

belonged to Tri-State, including but not limited to a truck still bearing the name of Tri-

State on it as recently as February 2008.

18.     Upon information and belief, the sole purpose for the incorporation of

Summit was to allow Mendez to continue business operations of Tri-State while

attempting to defraud and avoid paying Tri-State's creditors.

19.     Upon information and belief Mendez operated Tri-State as an alter ego of himself and now operates Summit in the same manner.

COUNT I – Against Tri-State Technologies, Inc.
(Contributions Under Contract – Sum Certain)

~~12~~20.   The allegations of all preceding paragraphs ~~1-11~~ are incorporated by reference as if fully set forth herein.

~~13.     The Company~~ 21.     Tri-State has breached the Labor Contract and Trust Agreements by failing to make contributions in November 2006, December 2006, and January 2007.

~~14~~22.   Based upon the information available to date, ~~the Company~~Tri-State owes contributions under the Labor Contract and/or Trust Agreements in the amount of $98,068.08 for the period November 2006-January 2007 and July 2007.

COUNT II – Against Tri-State Technologies, Inc.
(ERISA Contributions – Sum Certain)

~~15~~23.   The allegations of all preceding paragraphs ~~1-14~~ are incorporated by reference as if fully set forth herein.

~~16~~24.   Based upon the information available to date, ~~the Company~~Tri-State has failed to pay contributions in the amount of $98,068.08 for the period November 2006-January 2007 and July 2007 in violation of 29 U.S.C. § 1145.

~~17~~25.   The Plaintiffs have been damaged by ~~the Company's~~Tri-State's violation of 29 U.S.C. § 1145.

~~18~~26.   Under ERISA, ~~the Company~~Tri-State is also obligated to pay liquidated damages for the three unpaid months in the amount of $19,613.61 (20% of the delinquent

amount per the terms of the Labor Contracts) plus an additional $2,367.88 for a late

payment that was made for the month of April 2007.

COUNT III – Against Tri-State Technologies, Inc.<br>(Audit)

~~19.~~27.  The allegations of all preceding paragraphs ~~1-18~~ are incorporated by

reference as if fully set forth herein.

~~20.    The Company~~ 28.    Tri-State is obligated to permit the Plaintiffs to audit

its records and to cooperate in determining any additional contributions due to Plaintiffs.

~~21~~29.  The amount of contributions and work dues ~~the Company~~Tri-State is

required to pay to the Plaintiffs is based upon hours worked and wages paid to employees

performing work covered by the Labor Contract.

~~22~~30.  The books, records and information necessary to calculate the full extent

of ~~the Company's~~Tri-State's delinquency are in the exclusive possession, custody and

control of ~~the Company.~~Tri-State.

~~23~~31.  Computation of the precise amount of an employer's delinquency is

normally achieved by an audit of the employer's books and records and/or is calculated

from contractually required remittance reports submitted by the employer.

~~24~~32.  No audit of ~~the Company's~~Tri-State's books and records has been

performed to determine the full extent of the employer's delinquency.

~~25.    The Company~~ 33.    Tri-State is required by the Labor Contract, Trust

Agreement, or applicable law to permit the Funds to audit their records and to cooperate

in determining the contributions due the Plaintiffs.

~~26~~34.  The Funds have no adequate remedy at law for the calculation of the full amount of damages suffered as a result of ~~the Company's~~Tri-State's breach.

~~27.~~35.  All conditions precedent to equitable relief have been satisfied.

COUNT IV  – Against Tri-State Technologies, Inc.
(Contributions under Contract after Audit)

~~28~~36.  The allegations of all preceding paragraphs ~~1-27~~ are incorporated by reference as if fully set forth herein.

~~29~~37.   On information and belief, ~~the Company~~Tri-State has failed to make contributions to the Plaintiffs as required by the Labor Contract and/or Trust Agreements in a period not barred by the applicable statute of limitations.

~~30~~38.   Upon information and belief, Plaintiffs have been damaged by ~~the Company's~~Tri-State's failure to make contributions as required by the Labor Contract and/or Trust Agreements.

COUNT V  – Against Tri-State Technologies, Inc.
(Contributions under ERISA after Audit)

~~31.~~39.  The allegations of all preceding paragraphs ~~1-30~~ are incorporated by reference as if fully set forth herein.

~~32~~40.   Upon information and belief, ~~the Company~~Tri-State has failed to make contributions to Plaintiffs in violation of 29 U.S.C. § 1145 in a period not barred by an applicable statute of limitations or similar bar.

~~33~~41.   The Plaintiffs are without sufficient information or knowledge to plead the precise nature, extent and amount of ~~the Company's~~Tri-State's delinquency since the

books, records and information necessary to determine this liability are in ~~the Company's~~Tri-State's possession, custody and/or control.

~~34~~42.   Upon information and belief, Plaintiffs have been damaged by ~~the Company's~~Tri-State's violation of 29 U.S.C. § 1145.

COUNT VI – Against Tri-State Technologies, Inc.
(Injunction)

~~35~~43.   The allegations of all preceding paragraphs ~~1–34~~ are incorporated by reference as if fully set forth herein.

~~36~~44.   A monetary judgment or other legal remedy does not provide full relief and is inadequate because ~~the Company~~Tri-State has shown its disregard of its contractual and legal obligations by a pattern of delinquencies.

~~37~~45.   Unless ordered to satisfy its obligations by this Court, ~~the Company~~Tri-State will continue to refuse to submit remittance reports and pay the contributions presently due and owing or which become due and owing in the future, and the Funds and their participants will suffer immediate, continuing and irreparable damage by, among other matters, the loss of investment earnings, the inability to properly determine eligibility and calculate benefits, and a substantial increase in the administrative costs of the Funds with a diminution of the assets otherwise available to pay benefits to Company employees and employees of other employers who fully and timely pay their obligatory contributions.

~~38~~46.   All conditions precedent to equitable relief have been satisfied.

COUNT VII – Against Summit Mechanical, Inc..
(Alter Ego Liability)

47. All preceding paragraphs are incorporated by reference as if fully set forth herein.

48. Summit, as an alter ego of Tri-State created to defraud Tri-State's creditors, including Plaintiffs, is equally liable to the Plaintiffs for the amounts owed by Tri-State including, without limitation, all penalties, interest and attorneys fees.

COUNT VIII – Against Edward M. Mendez<br/>(Alter Ego Liability)

49. All preceding paragraphs are incorporated by reference as if fully set forth herein.

50. Mendez, as an alter ego of Tri-State and Summit, is equally liable to the Plaintiffs for the amounts owed by Tri-State including, without limitation, all penalties, interest and attorneys fees.

**WHEREFORE,** Plaintiffs respectfully request that this Court enter judgment in their favor as follows:

A. Awarding Plaintiffs the sum of at least $98,068.08; and

B. Awarding Plaintiffs liquidated damages in the sum of $19,613.61; and

C. Awarding Plaintiffs pre-judgment interest at the rate of 8% per annum, as specified in ERISA and the relevant Labor Contracts; and

D. Awarding Plaintiffs post-judgment interest at the rate of 8% per annum, as specified in ERISA and the relevant Labor Contracts; and

E. Awarding Plaintiffs their costs incurred in connection with this lawsuit; and

F. Awarding Plaintiffs their reasonable attorneys fees, as specified in ERISA; and

G.    Entering an injunction requiring ~~Defendant~~Tri-State to permit an audit of all records under the actual or constructive control of ~~the Company~~Tri-State to determine work for which contributions are due and the amount of any such contributions and, in the absence of records, requiring ~~Defendant~~Tri-State to cooperate in alternative methods for the determination of work for which contributions are due and the amount of any such contributions; and

H.    Entering an injunction restraining ~~the Company~~Tri-State from continuing to violate the terms of the current collective bargaining agreement(s) between ~~the Company~~Tri-State and the Union providing for the timely filing of remittance reports with complete, accurate and proper information and timely payment of contributions to the Plaintiffs for so long as ~~the Company~~Tri-State is contractually required to do so; and

I.    Awarding such other and further relief as the Court deems just and proper.

CROSS & SIMON, LLC

By:___ —_____
Erica N. Finnegan (#3986)
913 North Market Street, 11th Floor
Wilmington, DE 19801
Tel.:  (302) 777-4200
Fax:  (302) 777-4224
efinnegan@crosslaw.com

Dated: ~~September 11, 2007~~March 7, 2008    *Counsel to Plaintiffs*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| N.E.C.A. LOCAL UNION NO. 313 I.B.E.W. HEALTH AND WELFARE FUND, | ) ) ) ) | |
| N.E.C.A. LOCAL UNION NO. 313 I.B.E.W. PENSION FUND, | ) ) ) | C.A. No. 07-412 (GMS) |
| INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL UNION NO. 313 DEFERRED INCOME PLAN, | ) ) ) ) ) | |
| INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL UNION NO. 313 APPRENTICESHIP AND TRAINING COMMITTEE, | ) ) ) ) ) | |
| THE DELAWARE DIVISION INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS' VACATION FUND, | ) ) ) ) ) | |
| and | ) ) | |
| INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL UNION NO. 313, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| TRI-STATE TECHNOLOGIES, INC., A Delaware Corporation, | ) ) ) | |
| Defendant. | ) | |

**<u>ORDER GRANTING LEAVE TO AMEND COMPLAINT</u>**

The Plaintiffs having filed their Motion for Leave to Amend Complaint on March 7, 2008, and the Court finding good cause to grant the motion, it is hereby

**ORDERED**, that the Plaintiffs' Motion is granted and Plaintiffs' may file their Second Amended Complaint within five (5) business dates of the docketing of this Order and may serve the Second Amended Complaint pursuant to the Federal Rules of Civil Procedure.

 

 

_____
Chief Judge Gregory M. Sleet

<u>**CERTIFICATE OF SERVICE**</u>

I, Erica N. Finnegan, certify this 7th day of March 2008, that the attached Motion for Leave to Amend Complaint was served on Tri-State Technologies, Inc., as follows:

<u>By Hand Delivery</u>

TRI-STATE TECHNOLOGIES, INC.
c/o  YCS&T Services, LLC
1000 West Street
Brandywine Building, 17th Floor
Wilmington, DE 19801


<u>By First Class Mail</u>

TRI-STATE TECHNOLOGIES, INC.
Attn:  Ed Mendez
300 Caron Drive
Bear, DE 19701

       / s /  *Erica N. Finnegan*
       Erica N. Finnegan (#3986)
       CROSS & SIMON, LLC
       913 North Market Street, 11th Floor
       Wilmington, DE 19801
       Tel.:  (302) 777-4200
       Fax:  (302) 777-4224
       efinnegan@crosslaw.com