**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| N.E.C.A. LOCAL UNION NO. 313 I.B.E.W. HEALTH AND WELFARE FUND, <br><br> N.E.C.A. LOCAL UNION NO. 313 I.B.E.W. PENSION FUND, <br><br> INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL UNION NO. 313 DEFERRED INCOME PLAN, <br><br> INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL UNION NO. 313 APPRENTICESHIP AND TRAINING COMMITTEE, <br><br> THE DELAWARE DIVISION INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS' VACATION FUND, and <br><br> INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL UNION NO. 313, <br><br>          Plaintiffs, <br><br>    v. <br><br> TRI-STATE TECHNOLOGIES, INC., A Delaware Corporation, <br><br> SUMMIT MECHANICAL, INC., A Delaware Corporation, and <br><br> EDWARD M. MENDEZ, <br><br>          Defendants. | Civil Action No.  07-412 (GMS) |

**ANSWER OF DEFENDANTS SUMMIT MECHANICAL, INC. AND EDWARD M.
MENDEZ TO THE SECOND AMENDED COMPLAINT**

Defendants Summit Mechanical, Inc. and Edward M. Mendez (together, the "Answering Defendants"), by and through their undersigned counsel, hereby Answer the allegations of the Second Amended Complaint filed in this action as follows:

1

1. Admitted.

2. Answering Defendant is without knowledge or information sufficient to form an answer with regard to the averments set forth within Paragraph 2.

3. Admitted.

## THE PARTIES

4. Admitted.

5. The averments set forth within Paragraph 5 relate to a Defendant other than to the Answering Defendants and the Answering Defendants are without knowledge or information sufficient to form a belief with respect to these allegations.

6. The averments set forth within Paragraph 6 relate to a Defendant other than to the Answering Defendants and the Answering Defendants are without knowledge or information sufficient to form a belief with respect to these allegations.

7. Admitted.

8. Admitted only that Mr. Mendez resides at the address included in the Second Amended Complaint and that he owns and operates Summit. It is denied that Edward M. Mendez has ever owned or operated Tri-State.

## FACTS

9. The averments set forth within Paragraph 9 relate to a Defendant other than the Answering Defendants and the Answering Defendants are without knowledge or information sufficient to form a belief with respect to these allegations.

10. The averments set forth within Paragraph 10 relate to a Defendant other than the Answering Defendants and the Answering Defendants are without knowledge or information sufficient to form a belief with respect to these allegations.

SL1 815160v1/000000.00000

11. The averments set forth within Paragraph 11 relate to a Defendant other than the Answering Defendants and the Answering Defendants are without knowledge or information sufficient to form a belief with respect to these allegations.

12. The averments set forth within Paragraph 12 relate to a Defendant other than the Answering Defendants and the Answering Defendants are without knowledge or information sufficient to form a belief with respect to these allegations.

13. The averments set forth within Paragraph 13 relate to a Defendant other than the Answering Defendants and the Answering Defendants are without knowledge or information sufficient to form a belief with respect to these allegations.

14. The averments set forth within Paragraph 14 relate to a Defendant other than the Answering Defendants and the Answering Defendants are without knowledge or information sufficient to form a belief with respect to these allegations.

15. Denied.

16. Denied.

17. Admitted in part. It is admitted that Summit has used certain assets and equipment that once belonged to Tri-State.

18. Denied.

19. Paragraph 19 of the Second Amended Complaint states legal conclusions as to which no response is required. To the extent a response is required, these allegations are denied.

### COUNT I – Against Tri-State Technologies, Inc.
(Contributions Under Contract – Sum Certain)

20. The responses to the averments within Paragraphs 1 through 19 of the Second Amended Complaint are incorporated by reference as if fully set forth within.

21. The averments set forth within Paragraph 21 relate to a Defendant other than the Answering Defendants and the Answering Defendants are without knowledge or information sufficient to form a belief with respect to these allegations..

22. The averments set forth within Paragraph 22 relate to a Defendant other than the Answering Defendants and the Answering Defendants are without knowledge or information sufficient to form a belief with respect to these allegations.

### COUNT II – Against Tri-State Technologies, Inc.
### (ERISA Contributions – Sum Certain)

23. The responses to the averments within Paragraphs 1 through 22 of the Second Amended Complaint are incorporated by reference as if fully set forth within.

24. The averments set forth within Paragraph 24 relate to a Defendant other than the Answering Defendants and the Answering Defendants are without knowledge or information sufficient to form a belief with respect to these allegations.

25. The averments set forth within Paragraph 25 relate to a Defendant other than the Answering Defendants and the Answering Defendants are without knowledge or information sufficient to form a belief with respect to these allegations.

26. The averments set forth within Paragraph 26 relate to a Defendant other than the Answering Defendants and the Answering Defendants are without knowledge or information sufficient to form a belief with respect to these allegations.

### COUNT III – Against Tri-State Technologies, Inc.
### (Audit)

27. The responses to the averments within Paragraphs 1 through 26 of the Second Amended Complaint are incorporated by reference as if fully set forth within.

28. The averments set forth within Paragraph 28 relate to a Defendant other than the Answering Defendants and the Answering Defendants are without knowledge or information sufficient to form a belief with respect to these allegations.

29. The averments set forth within Paragraph 29 relate to a Defendant other than the Answering Defendants and the Answering Defendants are without knowledge or information sufficient to form a belief with respect to these allegations.

30. The averments set forth within Paragraph 30 relate to a Defendant other than the Answering Defendants and the Answering Defendants are without knowledge or information sufficient to form a belief with respect to these allegations.

31. The averments set forth within Paragraph 31 relate to a Defendant other than the Answering Defendants and the Answering Defendants are without knowledge or information sufficient to form a belief with respect to these allegations.

32. The averments set forth within Paragraph 32 relate to a Defendant other than the Answering Defendants and the Answering Defendants are without knowledge or information sufficient to form a belief with respect to these allegations.

33. The averments set forth within Paragraph 33 relate to a Defendant other than the Answering Defendants and the Answering Defendants are without knowledge or information sufficient to form a belief with respect to these allegations.

34. The averments set forth within Paragraph 34 relate to a Defendant other than the Answering Defendants and the Answering Defendants are without knowledge or information sufficient to form a belief with respect to these allegations.

SL1 815160v1/000000.00000

35. The averments set forth within Paragraph 35 relate to a Defendant other than the Answering Defendants and the Answering Defendants are without knowledge or information sufficient to form a belief with respect to these allegations.

### COUNT IV – Against Tri-State Technologies, Inc.
**(Contributions Under Contract After Audit)**

36. The responses to the averments within Paragraphs 1 through 35 of the Second Amended Complaint are incorporated by reference as if fully set forth within.

37. The averments set forth within Paragraph 37 relate to a Defendant other than the Answering Defendants and the Answering Defendants are without knowledge or information sufficient to form a belief with respect to these allegations.

38. The averments set forth within Paragraph 38 relate to a Defendant other than the Answering Defendants and the Answering Defendants are without knowledge or information sufficient to form a belief with respect to these allegations.

### COUNT V – Against Tri-State Technologies, Inc.
**(Contributions Under ERISA After Audit)**

39. The responses to the averments within Paragraphs 1 through 38 of the Second Amended Complaint are incorporated by reference as if fully set forth within.

40. The averments set forth within Paragraph 40 relate to a Defendant other than the Answering Defendants and the Answering Defendants are without knowledge or information sufficient to form a belief with respect to these allegations.

41. The averments set forth within Paragraph 41 relate to a Defendant other than the Answering Defendants and the Answering Defendants are without knowledge or information sufficient to form a belief with respect to these allegations.

42. The averments set forth within Paragraph 42 relate to a Defendant other than the Answering Defendants and the Answering Defendants are without knowledge or information sufficient to form a belief with respect to these allegations.

### COUNT VI– Against Tri-State Technologies, Inc.
### (Injunction)

43. The responses to the averments within Paragraphs 1 through 42 of the Second Amended Complaint are incorporated by reference as if fully set forth within.

44. The averments set forth within Paragraph 44 relate to a Defendant other than the Answering Defendants and the Answering Defendants are without knowledge or information sufficient to form a belief with respect to these allegations.

45. The averments set forth within Paragraph 45 relate to a Defendant other than the Answering Defendants and the Answering Defendants are without knowledge or information sufficient to form a belief with respect to these allegations.

46. The averments set forth within Paragraph 46 relate to a Defendant other than the Answering Defendants and the Answering Defendants are without knowledge or information sufficient to form a belief with respect to these allegations.

### COUNT VII – Against Summit Mechanical, Inc.
### (Alter Ego Liability)

47. The responses to the averments within Paragraphs 1 through 46 of the Second Amended Complaint are incorporated by reference as if fully set forth within.

48. Paragraph 48 of the Second Amended Complaint states legal conclusions as to which no response is required. To the extent a response is required, these allegations are denied.

SL1 815160v1/000000.00000

## COUNT VIII – Against Edward M. Mendez
### (Alter Ego Liability)

49. The responses to the averments within Paragraphs 1 through 48 of the Second Amended Complaint are incorporated by reference as if fully set forth within.

50. Paragraph 50 of the Second Amended Complaint states legal conclusions as to which no response is required. To the extent a response is required, these allegations are denied.

WHEREFORE, the Answering Defendants Summit Mechanical, Inc. and Edward M. Mendez respectfully request that the Court enter judgment in their favor and against the Plaintiffs and award the Answering Defendants their costs and attorneys' fees incurred in connection with this action, along with any other relief which the Court finds appropriate.

Dated: May 12, 2008     STEVENS & LEE, P.C.


By  */s/ Joseph Grey*
    Joseph Grey (ID 2358)
    1105 North Market Street, Seventh Floor
    Wilmington, DE  19801
    Telephone:  (302) 654-5180
    Telecopy (302) 654-5181
    E-Mal:  jg@stevenslee.com

    and

    Larry J. Rappoport (admitted pro hac vice)
    620 Freedom Business Center
    P.O. Box 62330
    King of Prussia, Pennsylvania 19406
    Telephone:  (610) 205-6000
    Telecopy:  (610) 478-2221
    E-Mail:  ljr@stevenslee.com

    Attorneys for Defendants, Summit Mechanical, Inc. and Edward M. Mendez

## CERTIFICATE OF SERVICE

       I, Joseph Grey, hereby certify that on this 12th day of May, 2008, I caused true and correct copies of the foregoing Answer to the Second Amended Complaint upon the following persons by depositing the same in the United States mail, postage prepaid, addressed as follows:

       Erica N. Finnegan, Esquire
       CROSS & SIMON LLC
       913 North Market Street
       11th Floor
       Wilmington, Delaware  19801

       Tri-State Technologies, Inc.
       c/o YCS&T Services, LLC
       1000 West Street
       Brandywine Building, 17th Floor
       Wilmington, DE  19801

       */s/ Joseph Grey*
       Joseph Grey